IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SEAN C. SANFORD, | Case No. 1:24-cv-01573-CL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| THE CITY OF KLAMATH FALLS, OREGON | |
| Defendant. | |

**CLARKE**, Magistrate Judge.

Plaintiff Sean C. Sanford, self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendant City of Klamath Falls, Oregon. For the reasons stated below, Plaintiffs' complaint (#1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiffs' IFP application (#2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1).

Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, a court should construe pleadings by a pro se plaintiff liberally and afford a pro se plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The first prong of the IFP assessment is satisfied. Mr. Sanford is financially eligible to proceed IFP. The second prong of the IFP assessment, however, has not been met. Mr. Sanford errs in the presentation of his 42 U.S.C. § 1983 claim.

In a claim for malicious prosecution under 42 U.S.C. § 1983, the claimant must allege and prove that the prior criminal proceeding terminated in favor of the accused. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). This rule is intended to avoid parallel litigation and prevent a civil ruling that would inherently contradict an element of the underlying criminal conviction. *Id.*

Here, Mr. Sanford fails to satisfy the favorable termination rule. Because Mr. Sanford's § 1983 claim is one for malicious prosecution, he must plead that the prior criminal proceedings underlying the claim terminated in his favor. While Mr. Sanford's § 1983 claim is otherwise adequately pleaded, it fails to allege favorable termination. To remedy this deficiency, Mr. Sanford

must heed the information above by clearly pleading that the prior criminal proceedings in state court terminated in his favor.

Because it is possible for amendment to cure the deficiencies in Plaintiff's Complaint, the Court will dismiss without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. Plaintiff should consult the Court's website at <ord.uscourts.gov> for important and helpful information regarding self-representation.

**ORDER**

Plaintiff's Complaint is dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days. Plaintiff is welcome to request in writing an extension of time if necessary. If Plaintiff fails to file an Amended Complaint, or fails to cure the deficiencies identified above, the case will be dismissed with prejudice. Plaintiff's IFP application will be held in abeyance and reconsidered along with the Amended Complaint, if any.

DATED this  30  day of September, 2024.

MARK D. CLARKE
United States Magistrate Judge